(72 South. 844)

No. 22095.

STATE v. THOMPSON et al.

In re THOMPSON et al.

(Oct. 16, 1916.)

*(Syllabus by the Court.)*

CERTIORARI ⬦═4—PROHIBITION ⬦═3(1)—NA-
TURE AND FORM OF REMEDY—REMEDY BY
MANDAMUS.

Where the trial judge refuses to permit the
accused to file a plea or demurrer to the juris-
diction of his court, the proper remedy is by
mandamus, and not by certiorari and prohibi-
tion.

[Ed. Note.—For other cases, see Certiorari,
Cent. Dig. § 4; Dec. Dig. ⬦═4; Prohibition,
Cent. Dig. § 4; Dec. Dig. ⬦═3(1).]

James M. Thompson and another were
prosecuted for libel. Demurrer to the infor-
mation on the ground that the court was
without jurisdiction was overruled, and de-
fendants apply for writs of prohibition and
certiorari to Hon. John E. Fleury, Judge of
the Twenty-Eighth Judicial District Court
for the Parish of Jefferson. Application dis-
missed without prejudice.

Robert H. Marr, of New Orleans, for re-
lators. Lemle & Lemle and Benjamin T.
Waldo, all of New Orleans, and George H.
Woodside, of St. Francisville, amici curiæ.

LAND, J. Relators represent in their peti-
tion that on June 14, 1916, an information
was filed in the said district court charging
them with the commission of the crime of
libel in the parish of Orleans; that relators
filed a demurrer to the information on the
ground that said court was without jurisdic-
tion in the premises over the offense alleged
to have been committed in another parish;
and that the judge of said court overruled
said demurrer and ordered relators to trial.

Wherefore the relators filed the present
application.

The case is before us on a rule to show
cause granted by this court.

The respondent judge has answered, in
substance, as follows:

That the information was filed on June 14,
1916; that the relators were arraigned, and
pleaded "not guilty," and the case fixed for
trial for June 27, 1916, and on that day
was called for trial, and continued on the
application of relators until June 29, 1916,
and on said day on their application was con-
tinued until July 6, 1916; that in the inter-
val the testimony of one witness was taken
in open court on the behalf of the relators,
and all witnesses present were ordered to
return on said date; that on July 6, 1916,
the case was called for trial, and relators'
counsel thereupon moved for leave to with-
draw the plea of "not guilty," and to enter
a plea of "guilty," for the purpose of filing
a plea to the jurisdiction of the court and a
demurrer to the information; that the court,
on the objection of the district attorney that
the motion came too late, refused to grant
the permission requested by the relators;
that the respondent judge did not overrule
the plea to the jurisdiction of the court, but
simply refused to allow the relators to with-
draw their plea of "not guilty" for the pur-
pose of entering a plea of "guilty" and filing
a demurrer, as above stated.

The respondent judge has sent up the
original record, and the information charges
a libel, published in a certain newspaper in
the city of New Orleans and having a wide
circulation particularly in the parish of Jef-
ferson, and that the offense charged was
committed in said parish.

The following entry appears on the minutes
of date July, 6, 1916:

"Counsel for the accused moved the court for
permission to withdraw their former plea of not
guilty and to enter a plea of guilty in lieu there-
of for the purpose of filing a plea to the juris-
diction of the court and a demurrer to the in-
formation, which motions were objected to by
counsel for the state on the ground that the
plea should have been filed in limine and on the
further ground that, as the case had already
been opened and the testimony of a witness al-
ready had been taken, the plea came too late,

which objection after hearing argument of counsel was sustained by the court, and the accused were refused permission to withdraw their pleas previously entered and plead guilty for the purpose of filing their aforesaid pleas, and the court refused permission to accused and their counsel to file said plea to the jurisdiction of the court and a demurrer to the information, whereupon counsel for the accused notified the court that he would apply to the Supreme Court for a writ of certiorari and prohibition."

It appears on the face of the information that the alleged libel was published in the parish of Orleans, and the edition of the newspaper in which it was printed was widely circulated, and particularly in the parish of Jefferson.

The question of law whether the publisher of a newspaper can be prosecuted for libel in any parish in which his paper may happen to circulate is most important, but has not been brought before this court in the regular course of procedure.

The judge below did not pass on this question, but refused to permit a plea to the jurisdiction of his court to be filed.

Surely, this court cannot pass on the merits of a plea which has been excluded from the record by the ruling of the trial judge.

Relator's remedy was by mandamus, and not by certiorari and prohibition.

It is therefore ordered that the restraining order herein issued be recalled, and that relator's application be dismissed, with costs, but without prejudice.